In re **POLAR BEAR ENDANGERED SPECIES ACT LISTING AND SECTION 4(D) RULE LITIGATION— MDL NO.1993,**

**Conservation Force, et al., Appellants**

v.

**Sally Jewell, Secretary of the Interior, et al., Appellees.**

No. 11–5354.

United States Court of Appeals, District of Columbia Circuit.

June 18, 2013.

Before: ROGERS and TATEL, Circuit Judges, and RANDOLPH, Senior Circuit Judge.

### JUDGMENT

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments of the parties. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). It is

**ORDERED** and **ADJUDGED** that the judgment of the district court be affirmed.

Plaintiffs Conservation Force and several individual hunters challenge the U.S. Fish and Wildlife Service's denial of permit applications seeking to import into the United States pursuant to the Marine Mammal Protection Act's "enhancement" provision polar bear trophies sport-hunted in the Gulf of Boothia region of Canada. *See* 16 U.S.C. § 1374(c)(4)(A) (providing that "[a] permit may be issued for enhancing the survival or recovery of a species or stock"). The district court found plaintiffs' challenge without merit and granted summary judgment in favor of the Service. Plaintiffs now appeal, and we affirm for the reasons stated by the district court. *See In re Polar Bear Endangered Species Act Listing & Section 4(d) Rule Litigation,* 818 F.Supp.2d 240, 257–60 (D.D.C. 2011). The Service reasonably concluded that plaintiffs failed to satisfy the requirements for an enhancement permit, namely, that the importation be both "likely to contribute significantly to maintaining or increasing distribution or numbers necessary to ensure the survival or recovery of the species or stock" and "consistent ... with the Secretary's evaluation of the actions required to enhance the survival or recovery of the species or stock in light of the factors that would be addressed in a conservation plan or a recovery plan." 16 U.S.C. § 1374(c)(4)(A). Plaintiffs offer no basis for finding that the Service acted arbitrarily and capriciously in reaching this conclusion. We also reject plaintiffs' procedural challenge regarding the Service's failure to follow notice-and-comment rulemaking procedures for the reasons stated by the district court. *See In re Polar Bear Endangered Species Act Listing,* 818 F.Supp.2d at 260 n. 15.

Pursuant to Rule 36 of this Court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc.* *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.